RICE *v.* QUONG.

No. 41383 April 25, 1960 120 So. 2d 156

*Joseph E. Wroten,* Greenville, for appellant.

*Horace L. Meredith, Jr.*, Greenville, for appellee.

McGehee, C. J.

In 1938 and again in 1940 Walter Rice, the husband of the appellant, Janie Rice, was adjudged insane and sent to the Mississippi State Hospital at Whitfield. After returning to his home at Greenville his wife, the appellant, purchased a vacant lot and later built a store building thereon, taking the title in the name of her husband, Walter Rice.

In 1946 she purchased certain equipment for the store building at the purchase price of $1,244.10, and she later paid for the same in monthly installments. On the eleventh day of February, 1946, she had the bill of sale for this personal property duly recorded in the office of the chancery clerk.

Some time thereafter she accompanied her husband to the place of business of the appellee, T. Y. Quong, at Glen Allen for the purpose of selling to him the lot and store building at Greenville. The appellee testified that Walter Rice, in whose name the real estate was vested, told the appellee that everything in the store building went with it. The appellee had been in the place of business at Greenville and saw both Janie Rice and her husband, Walter Rice, conducting the business in the store. The appellee testified that Walter Rice made the statement to him in the presence of the appellant, Janie Rice, that everything in the store went with it (the sale), except an adding machine and a table which belonged to the appellant individually. The appellee delivered this adding machine and table to the appellant and went into possession of the store building and the equipment and has continued in possession thereof at all times since the purchase.

The appellant contended that the appellee paid her husband $500 in cash at the time he bought the store building and that he has paid the remainder of the $3,500 purchase price in monthly installments; that he agreed with her at the time he purchased the lot and store building that when he finished paying Walter that he would then pay her $900 or $1,000 for the equipment. The appellee denies that there was any agreement to this effect or that he agreed to pay her anything at any time for the equipment in the building, but that he has understood at all times that he got the equipment in his purchase of the lot and store building.

On the trial of this replevin suit the issue of fact hereinbefore mentioned was submitted to the jury in the

county court and the jury resolved the issue in favor of the appellee. The judgment of the county court was thereafter affirmed by the circuit court.

Section 268, Code of 1942, provided, among other things, that: ''A contract for the sale of any personal property, * * *, for the price of $50 or upward, shall not be allowed to be good and valid unless the buyer shall receive part of the personal property, * * *, or shall actually pay or secure the purchase-money, or part thereof, or unless some note or memorandum, in writing, of the bargain be made and signed by the party to be charged by such contract, * * *.''

██ █ In the instant case the jury was warranted in believing, even if it had been disputed, that the equipment in question was delivered to the appellee at the time of his purchase of the lot and store building, and on conflicting evidence the jury had the right to believe that Walter Rice delivered such property to the appellee pursuant to his statement in the presence of the appellant when he was trying to sell the property to the appellee that everything went with the store, or words to that effect. Moreover, the appellant is estopped from maintaining this replevin suit for the equipment at this late date. The only plea filed in the case was that of not guilty—the only plea provided by law to be filed in answer to a replevin suit. Without regard to whether an estoppel should have been pleaded or not, we think that the verdict of the jury was amply supported by the evidence and that the judgment of the court should be affirmed.

Affirmed.

*Hall, Lee, Ethridge* and *Gillespie, JJ.,* concur.